UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**SOUTHERN DIVISION at LONDON**

| | | |
|---|---|---|
| BILLY RAY WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 6:21-cv-82-JMH |
| | ) | |
| V. | ) | |
| | ) | |
| JOSEPH R. BIDEN, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

The Court's prior Memorandum Opinion and Order directed plaintiff Billy Ray Wilson to show cause why his complaint should not be dismissed for lack of subject matter jurisdiction. [R. 6]. Wilson has filed his response to that Order, [R. 7], and this matter is ripe for decision.

Wilson's complaint names as defendants President Joseph Biden, Speaker of the House Nancy Pelosi, Senate Majority Leader Charles Schumer, and Senate Minority Leader Mitch McConnell. Wilson broadly alleges that since 1947, the United States government has provided financial and military support to the State of Israel. However, Wilson does not allege that any of the defendants played any role in this conduct. He refers to Resolution 181 of the United Nations as the basis for this Court's subject matter jurisdiction and contends that Israel exists only to promote the power and wealth of its people and that support of it by the United States is improperly based upon religious grounds. Wilson

demands that the federal government cease its support of Israel. [R. 1; R. 1-1].

Wilson's response to the Court's Order, styled as a "Motion for Statement of Claim against Defendants," begins with a broad discussion of the roles of the coordinate branches of the federal government. Wilson asserts that President Biden was "complicit to transfer of US dollars to the State of Israel" when he served as Vice President; that House Speaker Pelosi has not supported the Palestinian people and the truth; that Senate Majority Leader Schumer has supported Israel, which he contends "advocate[s] the destruction of the United States;" and that Senate Minority Leader McConnell declined "to recall the Senate to stand as jurors against former President Trump." [R. 7].

The Court has reviewed Wilson's response but adheres to its prior conclusion that his complaint presents only political issues rather than legal claims and, therefore, is not amenable to judicial resolution. Where a complaint raises only political questions, "a court lacks the authority to decide the dispute before it." *Zivotofsky ex rel. Zivotofsky v. Clinton*, 566 U.S. 189, 195 (2012). This political question doctrine applies where the matters raised in the complaint are directed purely to functions assigned by the Constitution to the political branches of government. *Baker v. Carr*, 369 U.S. 186, 216 (1962).

Wilson's allegations derogate the political and foreign policy choices of the four named defendants, and for relief he directly seeks changes to United States foreign policy. But the Constitution expressly vests authority over such matters to the Executive and Legislative departments, which are not readily susceptible to judicial determination. Wilson's complaint falls squarely within the type of action precluded by the political question doctrine. *Baker*, 369 U.S. at 211 (matters of foreign relations "frequently turn on standards that defy judicial application"); *Haig v. Agee*, 453 U.S. 280, 292 (1981) ("Matters intimately related to foreign policy and national security are rarely proper subjects for judicial intervention."). Because Wilson's complaint presents only political questions, the Court lacks subject matter jurisdiction to adjudicate them, and this matter must be dismissed. *United States v. Nixon*, 418 U.S. 683, 710 (1974). Accordingly,

**IT IS ORDERED** as follows:

1.   Plaintiff Billy Wilson's complaint [R. 1] is **DISMISSED** without prejudice for lack of subject matter jurisdiction;

2.   The Court will enter an accompanying judgment; and

3.   This matter is **STRICKEN** from the docket.

This 17th day of August, 2021.



Signed By:

*Joseph M. Hood*

Senior U.S. District Judge